**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

W. CLAYTON RASH,

           Plaintiff,

vs.

J.V. INTERMEDIATE, LTD., et al.,

           Defendants.

Case No. 04-CV-681-FHM

## OPINION AND ORDER

Defendants' Motion for Jury Determination of Specific Facts Which Arise Out of Considerations of the Fee Forfeiture Factors [Dkt. 228] has been fully briefed and is before the Court for determination.

### Background

In the first trial, the jury returned a verdict for Plaintiff (Rash) of $444,933 on his breach of contract claim, and a verdict for Defendant (JVIC) of $71,500 on its breach of duty of loyalty claim. Defendant JVIC did not recover on its breach of contract claim. On appeal the Tenth Circuit found that JVIC was entitled to judgment as a matter of law on its breach of fiduciary duty claim against Rash and remanded the case for further proceedings, including a trial on the amount of damages Rash owes for that breach and for judicial determination of whether, applying the law of Texas, the equitable remedy of forfeiture is appropriate. *Rash v. J.V. Intermediate, Ltd.*, 498 F.3d 1201, 1215-16 (10th Cir. 2007).

### Applicable Law

Under Texas law, "[f]orfeiture only applies to 'clear and serious' violations of fiduciary duty." *Id.* at 1212, quoting *Burrow v. Arce*, 997 S.W.2d 229, 241 (Tex. 1999). The considerations relevant to whether forfeiture is appropriate are: "the gravity and timing of

the violation, its wilfulness, its effect on the value of the [agent's] work for [the principal], any other threatened or actual harm to the [principal], and the adequacy of other remedies." *Rash*, 498 F.3d at 1213, n.6, citing *Burrow*, 997 S.W.2d at 245. The issues particularly identified by the *Burrow* Court as being amenable to jury consideration are: "the agent's culpability – whether he acted intentionally, with gross negligence, recklessly, negligently, or as merely inadvertent," and "the value of the agent's services and the existence and amount of harm to the principal." *Id.*

### Issues

The parties agree that the timing of the breach of fiduciary duty and JVIC's damages for that breach are appropriate questions for jury consideration. JVIC argues that the willfulness of Rash's breach of fiduciary duty; the value of the services Rash provided to JVIC in light of the breach of fiduciary duty should also be submitted for jury consideration.

### Willfulness

Rash asserts that there is no need to submit the question of willfulness to the jury because that question was decided in the first trial. On Rash's breach of contract claim the jury was instructed:

> SUBSTANTIAL PERFORMANCE
>
> A party is not required to perform each and every term of a contract completely and exactly in order to recover for its breach. A party who has substantially performed a contract is entitled to recover.
>
> A party's performance is substantial if the following are proven:
>
> (1) The other party received substantially what the contract required; and

2

> (2) *The performing party acted in good faith intending to perform his part of the contract.*

[Instruction No. 10; Dkt. 157, p. 13] [emphasis supplied]. Rash argues that the jury's finding in his favor that JVIC breached the contract of employment necessarily includes the finding that Rash "acted in good faith intending to perform his part of the contract." *Id*.

Rash's argument is foreclosed by the Tenth Circuit decision. On appeal Rash argued that the failure to submit breach of fiduciary duty to the jury was harmless because damages were awarded to JVIC on the analytically similar claim for breach of the duty of loyalty. The Tenth Circuit rejected that argument, finding the fiduciary duty imposed a distinct and separate obligation. *Rash*, 498 F.3d at 1211. Since the analytically similar claim for breach of the duty of loyalty is distinct from the claim for breach of fiduciary duty, the Court must likewise find that the contractual obligations are also distinct from those imposed by the fiduciary duty. Therefore, the first jury's implied finding of Rash's good faith with respect to substantial performance of the contract does not completely answer the question of whether he acted willfully with respect to his breach of fiduciary duty. Since there are factual questions surrounding the willfulness of Rash's breach of fiduciary duty, and since that question is one which has been singled out as being especially appropriate for jury determination, that question will be submitted for jury consideration by way of special interrogatory.

## Value of Services

The remaining question is whether the jury should decide the value of Rash's services in light of the breach of fiduciary duty. JVIC argues that the *Burrow* Court "makes it clear that the jury is to determine what impact the breach of fiduciary duty and duty of

loyalty had on the value of Rash's services." [Dkt. 231, p.3]. However, the jury's involvement in the equitable remedy of forfeiture is limited to resolving contested fact issues. *Burrow*, 997 S.W.2d at 245. (when contested fact issues must be resolved before equitable relief can be determined, a party is entitled to have that resolution made by a jury). Unlike the arguments on the other factors addressed in its papers, JVIC has not pointed the Court to any contested facts related to the value of Rash's services.

Since the same facts that supported JVIC's breach of loyalty claim also support the breach of fiduciary duty claim, Tr. 968-69, since the breach of loyalty claim was fully tried to a jury, and since JVIC has not pointed to any additional factual disputes, the court finds that there are no contested facts concerning the value of Rash's services to JVIC to be submitted to a jury.

## Conclusion

Based on the foregoing, Defendants' Motion for Jury Determination of Specific Facts Which Arise Out of Considerations of the Fee Forfeiture Factors [Dkt. 228] is GRANTED in part and DENIED in part.

The following fact questions relevant to the Court's consideration of the forfeiture issue will be submitted for jury determination: the timing of Rash's breach of fiduciary duty; the willfulness of Rash's breach of fiduciary duty; and the damages caused to JVIC resulting from the breach of fiduciary duty.[1] The answers to these questions will inform the

---

[1] Based on JVIC's position in the first trial, the Tenth Circuit ruled that on remand the damages for breach of fiduciary duty must be offset by the award for breach of loyalty. As a result, Defendant is only entitled to collect up to $143,000. [Dkt. 219, p. 18].

Court's analysis of the forfeiture issue under *Burrow v. Arce*, 997 S.W.2d 229 (Tex. 1999).

SO ORDERED this 20th day of June, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE