### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

W. CLAYTON RASH,

          Plaintiff,

vs.

J.V. INTERMEDIATE, LTD., et al.,

          Defendants.

Case No. 04-CV-681-FHM

### OPINION AND ORDER

Defendants' Motion for Punitive Damages Instruction [Dkt. 227] is DENIED.

This case is before the court on remand from the Tenth Circuit following a jury trial. At the trial the Court declined to present the issue of punitive damages to the jury finding that the parties had not presented evidence sufficient for a reasonable jury to find for either party on the punitive damage issue on any claim. Defendant did not appeal that ruling and consequently the ruling was not reversed by the Tenth Circuit. Although the Tenth Circuit remanded the case in part for a jury determination of the damages attendant with Defendants' breach of fiduciary duty claim, the Court acknowledged Defendants' argument at trial that "the breach of fiduciary duty claim was an alternative, and not a supplement, to the duty of loyalty claim and that there is only one damage award." [Dkt. 219, p. 18]. Taking Defendants' position into account, the Tenth Circuit ruled that on remand "a jury determination on the damages for breach of fiduciary duty must be offset by the award for the breach of duty of loyalty claim" and that as a result Defendants would only be entitled to collect up to $143,000. *Id.* The Court finds that Defendants are precluded from raising the punitive damages issue on remand because they failed to raise that issue on

appeal and also because a contrary result would undermine the Tenth Circuit's ruling limiting Defendants' recovery on remand.

Apart from the Tenth Circuit's ruling, the Court finds that Defendants' actions before the trial court preclude further consideration of the punitive damages issue.  Following the trial court ruling on Plaintiff's Rule 50 motion in which the court rejected Defendants' claim for punitive damages, Defendants never again asserted to the trial court that Defendants were entitled to a punitive damages award on any theory.  In their post trial motions Defendants did not assert that the court erred in failing to submit Defendants' punitive damages claim to the jury with respect to any claim. [Dkt. 164, 165].  Therefore, the court rejects Defendants' assertion that since the court granted Plaintiff's Rule 50 motion on the breach of fiduciary duty claim, the punitive damage issue could not have been addressed on that claim.  In addition, the record reflects that Defendant agreed that the same facts supported both the breach of fiduciary duty and breach of loyalty claim, and if forced to chose between the two similar claims, Defendants would chose the breach of loyalty claim. Tr. pp. 968-70.  These considerations, combined with the absence of any reasoned argument about how the facts support a punitive damage award, dictate that Defendants' request for a punitive damage instruction be denied.

SO ORDERED this 20th day of June, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE